IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONVERSE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:21-cv-3103 |
| | ) | |
| The Individuals, Corporations, Limited | ) | |
| Liability Companies, Partnerships, and | ) | |
| Unincorporated Associations Identified | ) | Hon. Sara L. Ellis |
| On Schedule A Hereto, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MOTION TO SET ASIDE DEFAULT

COMES NOW Defendants SANDIEX, by and through counsel, and pursuant to Federal Rule of Civil Procedure 55(c), respectfully request that this Court set aside the default entered against them on August 9, 2021, showing the Court as follows:

INTRODUCTION

This is a trademark infringement case filed against a large number of alleged infringers, including SANDIEX. SANDIEX can show that their failure to timely respond was the result of inadvertence and not willful ignorance, that it took quick action to correct it, and that they have meritorious defenses to Plaintiff's claims, as required by Federal Rule of Civil Procedure 55(c). Moreover, SANDIEX can show that it had contact with Plaintiff prior to the filing of the motion for default, and hired counsel in the Northern District of Illinois as soon as it could after the default motion was filed. The default motion was noticed for Tuesday, August 10, 2021. Defense counsel was preparing an appearance and motion for extension of time on Monday, August 9, 2021 when they received notice that the default motion had been granted a day early.

LEGAL STANDARD

A party seeking to set aside the entry of an order of default must show the following: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Wilson v. Peterson Cleaning, Inc.*, 2015 U.S. Dist. LEXIS 173747 *2-3 (N.D. Ill. Dec. 18, 2015) *citing Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Whether to set aside a default order is left to the discretion of the district court. *Sun v. Bd. Of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007) In exercising that discretion, courts must be mindful of the policy favoring the resolution of the merits of a case by trial rather than through a default, and the resulting leniency the Seventh Circuit has established under Rule 55(c). *Cracco*, 559 F.3d at 631.

ARGUMENT

I. THE DEFAULT SHOULD BE SET ASIDE BECAUSE DEFENDANT CAN SATISFY THE REQUIREMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(c)

A. Good Cause To Set The Default Aside Exists As SANDIEX Acted Reasonably.

Plaintiff filed its Complaint on June 9, 2021. [ECF No. 1] Defendant attempted to contact Plaintiff directly via email about this matter on or about July 20, 2021. Defendant did not receive a response. Defendant then had their attorney in China, Attorney Meiyun Zhang, contact RiKaleigh Johnson, counsel for Converse, on July 26, 2021. Attorney Johnson replied on July 29, 2021 indicating that she could only communicate either with a defendant directly or counsel admitted to practice in the United States.

Defendant's failure to file a responsive pleading or filing a motion seeking an extension of time was not the result of carelessness. The undersigned defense counsel contacted counsel for Plaintiff on the morning of August 9, 2021 to request an extension and obtained one. Defense counsel intended to attend the August 10, 2021 motion hearing, and emailed Plaintiff's counsel to inquire about it when she noticed that the hearing was not on the Court's calendar for August 10, 2021 on the Court's website.

B. SANDIEX Acted Swiftly After Receiving Notice Of The Default.

SANDIEX acted reasonably and swiftly in responding to the news that a default judgment had been entered against them by this Court. The default was entered on August 9, 2021. Defense counsel immediately began discussions with Plaintiff about the agreed extension and the early arrival of the Court's August 9, 2021 Order.

In *Wilson v. Peterson Cleaning, Inc.,* 2015 U.S. Dist. LEXIS 17347 (N.D. Ill. December 18, 2015) the court noted that the defendant filed his motion to set aside the entry of default within eleven days and found that to be reasonable. *Peterson* at *5-6. Courts have held that Defendants who acted within similar periods of time (eight and 19 days) were found to have acted quickly. *Cracco*, 559 F.3d at 631 (motion filed within eight days)*; Peterson*, 2015 U.S. Dist. LEXIS 173747 at *5-6 (motion filed within 11 days); *Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.*, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (motion filed within 19 days). SANDIEX have acted with great speed and diligence in moving to set aside this default.

C. SANDIEX Have Meritorious Defenses To Plaintiff's Claims.

SANDIEX also had meritorious defenses to Plaintiff's claims. Questions exist as to whether SANDIEX infringed on Plaintiff's trademarks. On August 11, 2021, the parties conducted settlement discussions and reached a settlement agreement.

SANDIEX hired counsel and was prepared to appear on August 10, 2021, per Plaintiff's Notice of Motion, for the hearing on Plaintiff's motion for default. SANDIEX obtained agreement from Plaintiff for a 14-day extension before the default motion was granted, though after the motion was granted, Plaintiff withdrew their agreement. The default judgment should be set aside and the parties should be permitted to proceed with finalizing their settlement.

## CONCLUSION

SANDIEX has established all three elements under Rule 55(c), and respectfully requests that

the Court enter an Order setting aside the default entered on August 9, 2021. The parties may then finalize their settlement and allow time for the parties to execute their obligations under their settlement agreement.

Respectfully submitted,

By: /s/ Erin K. Russell
Erin K. Russell
Counsel to SANDIEX
The Russell Firm, LLC
833 W. Chicago Avenue, Suite 508
Chicago, IL 60642
312-994-2424
erin@russellfirmip.com

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ Erin K. Russell
Erin K. Russell